UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOMPHONG CHANTHANAM,

Petitioner,

v.

LYDIA ROMERO,

Respondent.

No. 2:14-cv-2194 KJM AC P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges a 2012 prison disciplinary proceeding for distribution of a controlled substance. ECF No. 1.

Respondent moves for dismissal on the grounds that petitioner failed to exhaust state court remedies and, in the alternative, that the court lacks jurisdiction to consider the petition because the relief sought would not affect the fact or duration of petitioner's confinement. ECF No. 10. Petitioner opposed the motion, ECF No. 11, and respondent filed a reply, ECF No. 12. For the reasons discussed below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

I. Factual and Procedural Background

In 2000, petitioner was convicted of two counts of first degree murder and shooting at an inhabited dwelling, with enhancements for personally using a firearm. ECF No. 10-1. Petitioner

is currently serving an indeterminate sentence of seventy years to life in state prison. Id. at 2 (amended abstract of judgment).

In September 2011, staff at Folsom State Prison where petitioner was incarcerated found marijuana inside a light fixture in the cell jointly assigned to petitioner and inmate Joseph Vang. ECF No. 1 at 13. Petitioner was charged with violating a prison regulation for distribution of a controlled substance. Id. at 13. Petitioner's disciplinary hearing was continued multiple times. Id. at 14. On July 30, 2012, petitioner was found guilty distribution of a controlled substance. Id. at 14, 21. He was initially assessed 180 days credit forfeiture. Id. at 23. However, because the senior hearing officer was "precluded from credit forfeiture due to failure to meet time constraints," petitioner was assessed "0 (zero) days credit loss."[1] Id.

Petitioner challenged the prison disciplinary through the prison's administrative appeal process in appeal log FSP-O-12-01017. On November 28, 2012, petitioner's appeal was granted in part at the second level of review to the extent that his disciplinary conviction was reduced from distribution of a controlled substance to the lesser charge of possession of a controlled substance. ECF No. 1 at 30-31. In light of the reduced charge, petitioner was assessed the following penalty: "90 days privilege group 'C,' 30 days loss of all privileges, mandatory drug testing for 1 year (1x a month), 90 days loss of visits followed by 90 days of non-contact visiting and requirement to attend AA/NA." Id. at 31. Petitioner was dissatisfied with the response and pursued his appeal to the third level of review. On May 3, 2013, the administrative appeal was denied at the Director's Level, exhausting the administrative appeal process. Id. at 33-34.

On June 18, 2013, petitioner and his now former cellmate, Joseph Vang, filed a joint petition for writ of habeas corpus in the Sacramento County Superior Court.[2] ECF No. 11 at 7-10. Petitioner challenged his conviction on the grounds that there was insufficient evidence to support a finding of guilt and that his procedural due process rights were violated at the

[1] Petitioner also lost visits for 365 days and was placed on screened visiting status for 90 days, mandatory drug testing for one year, and privilege group "C" for thirty days. ECF No. 1 at 23-24. In addition, petitioner was referred to Alcoholics/Narcotics Anonymous. Id.

[2] As a pro se inmate, petitioner is entitled to the use of the prison mailbox rule in determining the constructive filing date of his state and federal habeas petitions. Houston v. Lack, 487 U.S. 166, 276 (1988).

disciplinary hearing. ECF No. 1 at 36-39. The Sacramento County Superior Court denied relief as to both petitioner and Vang in a reasoned decision on August 9, 2013.[3] ECF No. 1 at 39.

On October 18, 2013, Vang filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. See ECF No. 11 at 25. The body of the petition contains both Vang and petitioner's name and is captioned "Joseph Vang et al." Id. at 29. Petitioner and Vang both signed the petition under penalty of perjury. Id. at 33. On October 24, 2013, the Court of Appeal denied the petition without comment. ECF No. 1 at 41. The caption on the order of denial reads "In re JOSEPH VANG on Habeas Corpus." Id.

On December 5, 2013, Vang[4] filed a petition for writ of habeas corpus in the California Supreme Court. ECF No. 11 at 36, 40. The file-stamped page bears both Vang and petitioner's name and is captioned "Joseph Vang, el al." Id. at 36. On March 12, 2014, the California Supreme Court denied the petition without comment or citation. ECF No. 1 at 42. The order of denial is captioned, "In re JOSEPH VANG on Habeas Corpus." Id.

On September 18, 2014, petitioner constructively filed the instant federal petition.[5]

II. Exhaustion

Respondent contends that petitioner failed to exhaust state court remedies because he did not fairly present his claims to the California Supreme Court.[6] ECF No. 10. Respondent argues that although petitioner alleges that he presented his claims to the California Supreme Court in Case No. S215207, the petition in Case No. S215207 was filed by Joseph Vang, not petitioner, and therefore did not serve to exhaust petitioner's claims. Id. at 2-3. Respondent provides a copy

---

3 Petitioner also claimed that he was denied the opportunity to challenge the reduced charges. The Sacramento County Superior Court denied this claim on the ground that petitioner failed to exhaust administrative remedies prior to filing suit. ECF No. 1 at 39.

4 Petitioner contends that he and Vang filed this petition jointly.

5 Joseph Vang filed a separate federal habeas petition on October 22, 2014, which is also before the undersigned. See Vang v. Rackley, Case No. 2:14-cv-2534 MCE AC.

6 The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) (1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal habeas court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Exhaustion is a matter of comity and does not affect this court's jurisdiction to entertain petitioner's habeas corpus application. See Harris v. Superior Court, 500 F.2d 1124, 1126–27 (9th Cir. 1974) (en banc).

of the party information page from the California appellate courts' online records database, which lists Joseph Vang as the only party in Case No. S215207.[7] See ECF No. 10-2 at 2.

In opposition, petitioner argues that his claims are exhausted because he and Vang filed a joint petition for habeas relief in the California Supreme Court, which the court denied. See ECF No. 11 at 3. Petitioner explains that he and Vang titled their joint petition "Joseph Vang et al." and asserts that respondent's argument is based on an "erroneous docket sheet." Id. Petitioner contends that the joint petition served to exhaust both petitioner and Vang's claims. Id.

Where, as here, a federal habeas petition contains other grounds for denial, requiring state court exhaustion does not serve the underlying purpose of comity. See Rose v. Lundy, 455 U.S. 509, 525 (1982) (Blackman, J., concurring); see also Clark v. Ricketts, 958 F.2d 851, 857 (9th Cir. 1991); Granberry v. Greer, 481 U.S. 129, 135 (1987). The exhaustion issue therefore need not be reached. Moreover, if this court lacks jurisdiction it *may not* consider exhaustion or any other issue. For these reasons, the undersigned will bypass respondent's exhaustion argument and proceed to respondent's argument that the court lacks jurisdiction over petitioner's claims.

III. Lack of Federal Habeas Jurisdiction

Respondent argues that because petitioner did not lose time credits as a result of his disciplinary conviction, habeas jurisdiction is absent because the conviction did not affect the fact or duration of petitioner's confinement. ECF No. 10 at 3-4. Respondent asserts that even if petitioner had lost time credits, setting aside the disciplinary conviction would not hasten petitioner's release from prison because as an indeterminately sentenced prisoner, petitioner may only be released if found suitable for parole. Respondent contends it is highly speculative that the instant disciplinary conviction will impact petitioner's parole consideration process, as petitioner "has decades to serve before his first parole consideration hearing." Id. at 4.

////

[7] Respondent requests that the court take judicial notice this document as well as the abstract of judgment in petitioner's criminal case, which is attached as Exhibit 1 to respondent's motion to dismiss. See ECF No. 10-1. Respondent's request is granted. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

Petitioner contends that respondent's argument has "nothing to do" with petitioner's claims and appears to assert that habeas jurisdiction exists because petitioner is "in custody" and "did not file a 42 [§] U.S.C. 1983 [claim]." See ECF No. 11 at 3-4.

Petitioner is advised that "habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not *necessarily* shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004) (emphasis added) (citing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997)) (expungement of challenged disciplinary records would not necessarily shorten the length of petitioner's confinement because the parole board still had authority to deny parole based on other grounds). "Habeas jurisdiction does not lie unless relief on the merits would have a likely effect on the duration of custody." Jagerson v. Cate, 2013 WL 2434835, 5 (E.D. Cal. June 4, 2013) (citing Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)).

Here, it is undisputed that petitioner lost no time credits as a result of his disciplinary conviction. While petitioner seeks to have his disciplinary conviction expunged, see ECF No. 1 at 5, petitioner has not demonstrated, much less argued, that expungement would necessarily shorten the length of his confinement. See Ramirez, 334 F.3d at 858. Because petitioner is serving an indeterminate sentence of seventy years to life, any correlation between the disciplinary conviction and petitioner's parole date is too remote and speculative to justify habeas jurisdiction. "The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protections at his parole hearing in order to explain the circumstances behind his misconduct record. The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 487 (1995) (citations omitted). "[C]hallenges to disciplinary decisions or administrative classifications with only a speculative effect on future parole prospect fall outside the scope of habeas jurisdiction." Jagerson, 2013 WL 2434835 at *5 (citing similar cases). Because petitioner's actual suitability for release remains speculative, the alleged impact of the subject violation on the duration of petitioner's custody also remains

////

speculative, thus depriving this court of jurisdiction to consider the matter. Accordingly, respondent's motion to dismiss should be granted.

IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255).

Any response to the objections shall be served and filed within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE